

FILED
JUL 1 4 2010

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 10MJ1766-WVG |
|---|---|---|
| Plaintiff, | ) | 10CR2810-BEN |
| | ) | **FINDINGS OF FACT AND ORDER OF DETENTION FOR DEFENDANT THOMSEN BASED ON RISK OF FLIGHT AND DANGER TO THE COMMUNITY** |
| v. | ) | |
| NEIL A. THOMSEN, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on July 1, 2010 to determine whether defendant NEIL A. THOMSEN ("Defendant") should be held in custody pending trial, on the grounds that he is a flight risk and a danger to the community. Assistant U.S. Attorney Joseph J.M. Orabona appeared on behalf of the United States. Attorney Grant L. Eddy appeared on behalf of Defendant.

Based on the evidence proffered by the United States and by Defendant, the Pretrial Services Report, the Complaint and Affidavit, and Exhibits 1 through 4 proffered by the United States, along with the legal briefing submitted by the parties, the Court concludes that the following facts and law establish by a preponderance of the evidence (with respect to risk of flight) and by clear and convincing evidence

//

(with respect to danger to the community) that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

# I

# FINDINGS OF FACT

A. **Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))**

1. Defendant is charged in Criminal Complaint No. 10MJ1766 with making false and fraudulent claims against the United States by filing false tax returns in order to obtain tax refunds to which Defendant was not otherwise entitled, in violation of Title 18, United States Code, Section 287.

2. Probable cause exists to believe that Defendant has committed the offense charged, to wit: making false and fraudulent claims against the United States.

3. The offense charged carries a maximum term of 5 years in prison, a $250,000 fine, and a term of supervised release of not more than 3 years. The Social Security fraud associated with the charged offense carries the same penalties. The identity theft associated with the charged offense carries a minimum mandatory 2-year term of imprisonment consecutive to any other sentence imposed.

B. **Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))**

4. While admittedly the least important factor, the Court finds that the weight of the evidence against Defendant is strong because the United States' proffer and Exhibits 1 through 4 establishes that Defendant was involved in unlawfully using Social Security numbers of persons for whom he previously prepared tax returns in order to file false tax returns with the IRS in 2009 for the purpose of unlawfully obtaining tax refunds to which he was not otherwise entitled. Several of these tax refunds were deposited directly into Defendant's bank account.

5. The evidence also establishes that Defendant possessed a number of false identification documents, namely counterfeit California driver's licenses and credit cards, in order to further his scheme to defraud.

C. **History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))**

6. While Defendant is a United States citizen, he currently resides on his boat that is not registered with the U.S. Coast Guard and is docked in Ensenada, Mexico. At the time of his arrest,

//

Defendant possessed multiple counterfeit identification documents, including counterfeit California driver's licenses and credit cards in other person's identities.

7. Defendant does not reside in the community and has no significant ties to the community. Defendant has no stable residence in the community. Defendant has ties to Mexico.

8. Defendant has no family ties in the community as his family resides in Minnesota.

9. Defendant does not have any significant employment ties to the community. Defendant has engaged in the tax preparation business over the past several years, and this employment is directly related to the conduct and offense charged.

10. Defendant has financial resources. Defendant possesses approximately $40,000 in cash, however, these funds appear to be proceeds of the fraud and would be forfeited to the United States following a conviction. Defendant also owns several vehicles.

11. Defendant has no physical or mental conditions, no criminal history, no known past conduct, no drug/alcohol abuse, no known record concerning any court appearances, and no outstanding term of probation, parole, or supervised release.

**D.  Danger to the Community (18 U.S.C. § 3142(g)(4))**

12. Citing authority from the Ninth Circuit and elsewhere, the Government argues that Defendant ought to be detained on the basis that he poses an economic and pecuniary danger to the community. Implicit in the Government's position is that dangerousness alone, if proved by clear and convincing evidence, is sufficient to support detention without bail. Defendant does not quarrel with the Government's contention that economic or pecuniary danger <u>may</u> be the basis for detention. However, relying on <u>United States v. Twine</u>, 344 F.3d 987 (9th Cir. 2003), Defendant vigorously opposes the notion that dangerousness, either in the commonly understood sense or economic/pecuniary sense, standing alone, may form the foundation for detention when Defendant is not charged with any of the predicate offenses enumerated in 18 U.S.C. § 3142(f)(1).

13. <u>Twine</u>, the controlling case in this Circuit, involved a defendant charged with being a felon in possession of a firearm. The Ninth Circuit held this was not a crime of violence for purposes of the Bail Reform Act (BRA) under 18 U.S.C. § 3142(f)(1)(A). Accordingly, the Court held that "we are not persuaded that the [BRA] authorizes pre-trial detention without bail based solely on a

finding of dangerousness." Twine, 344 F.3d at 987. "This interpretation of the [BRA] would render meaningless 18 U.S.C. § 3142(f)(1) and (2)." Id. The Ninth Circuit reasoning in Twine was consistent with decisions from the First, Third, and Fifth Circuits. Accord United States v. Ploof, 851 F.2d 7 (1st Cir. 1988); United States v. Himler, 797 F.2d 156 (3d Cir. 1986); United States v. Byrd, 969 F.2d 106 (5th Cir. 1992).

14. Defendant is not charged with an offense listed in 18 U.S.C. § 3142(f)(1), nor has there been any evidence presented that he is a serious risk to obstruct justice or engage in any of the other nefarious conduct described in 18 U.S.C. § 3142(f)(2)(B). Accordingly, pursuant to Twine, dangerousness by itself is insufficient to justify Defendant's detention. As illogical and incongruous as this sounds, this is how the BRA reads and what Twine has held.

15. Many of the cases cited by the Government are inapplicable because they pertain to cases in which detention or release pending sentence or appeal is at issue under 18 U.S.C. § 3143. That is not the case here where a pre-trial question of release or detention under 18 U.S.C. § 3142 is in dispute. Different standards apply pre-trial compared to post-trial.

16. However, what Twine and United States v. Madoff, 586 F. Supp.2d 240 (S.D.N.Y. 2009), cited by the Government, make clear is that dangerousness can support detention when coupled with an appropriate finding that a defendant is also a serious risk of flight. In this case, the Court has found by a preponderance of the evidence that Defendant is a serious flight risk. Therefore, having made this finding, it is appropriate to also consider whether the Defendant is an economic or pecuniary danger to the community.

17. Defendant poses an economic danger to the community because he has obtained numerous identities of real persons through his employment as a tax preparer and unlawfully used those identities to obtain tax refunds from the IRS to which he was not otherwise entitled and to obtain counterfeit identification documents, including California driver's licenses and credit cards.

//
//
//
//

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 10MJ1766; namely, making false and fraudulent claims against the United States, in violation of 18 U.S.C. § 287.

B. The Court finds, by a preponderance of evidence, that the United States has carried the burden of establishing that Defendant is a flight risk, and therefore, no condition or combination of conditions will reasonably assure the appearance of Defendant.

C. The Court finds, by clear and convincing evidence, that the United States has carried the burden of establishing that Defendant is a danger to the community, and therefore, no condition or combination of conditions will reasonably assure the appearance of Defendant.

## III

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 7/14/10

THE HONORABLE WILLIAM V. GALLO
United States Magistrate Judge
Southern District of California

5

10MJ1766-WVG